**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JENNIFER PRZASNYSKI,<br>ROY BOWMAN,<br>JOHN GIANCATERINO and<br>JOANN KRASNOV,<br>Plaintiffs** | : | **CIVIL ACTION** |
| | : | **NO.** |
| **vs.** | : | **JURY TRIAL DEMANDED** |
| **RAMON ANTONIO SOLANO,<br>BAYAHIBE BEACH RESORTS, LTD.<br>d/b/a CASA DEL MAR, BAYAHIBE<br>BEACH RESORTS, S.A. d/b/a CASA<br>DEL MAR, AM RESORTS<br>LATIN AMERICA, INC., AM<br>RESORTS DOMINICANA, SA ,<br>AMSTAR DMC, and<br>MICHELLE DiNATALE,<br>Defendants** | : | |

**COMPLAINT**

1. The Plaintiff, Jennifer Przasnyski, is an adult individual residing at 251 Hawthorne Circle, North Wales, Pennsylvania 19454.

2. The Plaintiff, Roy Bowman, is an adult individual residing at 1120 Snapper Dam Road, Landisville, Pennsylvania 17538.

3. The Plaintiff, John Giancaterino, is an adult individual residing at 921 Pennsylvania Street, Whitehall, Lehigh County, Pennsylvania 18052.

4. The Plaintiff, Joann Krasnov, is an adult individual residing at 8323 Country Side Lane, Fogelsville, PA 18051.

5. The Defendant, Ramon Antonio Solano is an adult individual who resides at Casa Del Mar, P.O. Box 80, Playa Bayahide, La Romona, Republic Dominicana, and is an employee at Casa Del Mar.

6. The Defendant Bayahibe Beach Resorts Limited, d/b/a Casa Del Mar, [hereinafter "Bayahibe"] is an international corporation organized under the laws of the British Virgin Islands with offices at Baly Principal, Administracion, La Romana, Republica Dominicana, and doing business in Pennsylvania by contractual arrangements with Atkinson and Mullen Travel, Inc. t/a Apple Vacations which is headquartered at 7 Campus Boulevard, Newtown Square, Pennsylvania 19073.

7. The Defendant Bayahibe Beach Resorts, S.A., d/b/a Casa Del Mar, [hereinafter "Bayahibe, S.A."] is an international corporation organized under the laws of the British Virgin Islands with offices at Baly Principal, Administracion, La Romana, Republica Dominicana, and doing business in Pennsylvania by contractual arrangements with Atkinson and Mullen Travel, Inc. t/a Apple Vacations which is headquartered at 7 Campus Boulevard, Newtown Square, Pennsylvania 19073.

8. The Defendant, AM Resorts Latin America, Inc. [hereinafter "AM Resorts LA"], is an international corporation organized under the laws of the British Virgin Islands with offices at Casa Del Mar, P.O. Box 80, Playa Bayahide, La Romona, Republic Dominicana, and have appointed an agent for service of process in the United States, namely, Greenberg Traurig, LLP, Met Life Building, 200 Park Avenue, New York, New York 10116, or alternatively, Greenberg, Traurig, LLP, 2450 Colorado Avenue, Suite 400 East, Santa Monica, California 90404 (Attention: Richard F. Davis, Attorney at Law) and doing business in Pennsylvania through AM Resorts, LLC, 7 Campus Boulevard, Newtown Square, Pennsylvania 19073.

9. The Defendant, AM Resorts Dominican, SA, [hereinafter "AM Resorts Dominican"], is an international corporation organized under the laws of the Dominican Republic with offices at Casa Del Mar, P.O. Box 80, Playa Bayahide La Romona, Republic

Dominicana, and have appointed an agent for service of process in the United States, namely, Greenberg Traurig, LLP, Met Life Building, 200 Park Avenue, New York, New York 10116, or alternatively, Greenberg, Traurig, LLP, 2450 Colorado Avenue, Suite 400 East, Santa Monica, California 90404 (Attention: Richard F. Davis, Attorney at Law) and doing business in Pennsylvania through AM Resorts, LLC, 7 Campus Boulevard, Newtown Square, Pennsylvania 19073.

10. The Defendant, Amstar DMC, [hereinafter "Amstar"], is an international corporation organized under the laws of the Dominican Republic with offices at Carretera Bavaro, Punta Cana, Dominican Republic, and doing business in Pennsylvania as a representative of Atkinson and Mullen Travel, Inc. t/a Apple Vacations with offices at 7 Campus Boulevard, Newtown Square, Pennsylvania 19073.

11. The Defendant, Michele DiNatale, is a citizen and resident of Canada (current address unknown), and at all relevant times, an employee of Defendant, Amstar, authorized to tell Apple Vacation customers that she was a representative of Apple Vacation while the customers were guests at Casa Del Mar.

**JURISDICTION**

12. This Court has jurisdiction over this matter under Diversity of Citizenship, 28 U.S.C. §1332, inasmuch as the four Plaintiffs are citizens of Pennsylvania, and all the corporate Defendants are international corporations with corporate offices outside of Pennsylvania, and the two individual Defendants are citizens of Dominican Republic, and Canada, respectively, and the matter in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

13. At all relevant times, Defendant, Solano, was a bartender at Casa Del Mar, and was either an employee of Defendant, Bayahibe, Defendant Bayahibe, S.A., or Defendant AM Resorts LA, or Defendant, AM Resorts Dominicana, or the non-party, AM Resorts, LLC.

14. At all relevant times, Defendant, Amstar hired Defendant, Michelle DiNatale, as a customer service representative who was explicitly authorized by Apple Vacation to represent that she was there for the convenience and safety as an Apple customers.

15. Prior to March 29, 2003, each Plaintiff contracted with Apple Vacation for an all-inclusive vacation at Casa del Mar in La Romano, Dominican Republic after reading promotional material about the vacation from Apple.

16. At all times herein relevant, Apple was involved in the management of Casa del Mar, a hotel in La Romano, Dominican Republic through its entity AM Resorts LLC, headquartered at its corporate office in Pennsylvania, and principals of Apple and principals of Defendants, AM Resorts LA and AM Resorts Dominicana, overlap.

17. Plaintiffs arrived at Casa del Mar on March 29, 2003 when it was dark so they were unable to see the series of armed guards which surrounded Casa del Mar.

18. On March 30, 2003 Apple Vacation, assigned Plaintiffs to a tour operator named Defendant, Michelle DiNatale, an employee of Defendant, Amstar, authorized to represent Apple Vacation, by Apple Vacation.

19. At that time, Defendant, Michelle DiNatale, specifically advised Plaintiffs that Casa del Mar served only alcoholic beverages with extremely low alcohol contents.

20. At all times herein relevant, when all four Plaintiffs drank Casa del Mar's alcoholic beverages, they agreed with Defendant, Michelle DiNatale, that the beverages contained very low alcohol contents.

21. On April 2, 2003, Plaintiff Przasnyski went to the beach to take photographs of a beach wedding.

22. At the time aforesaid, a storm erupted closing out the beach, and Plaintiff, Przasnyski, obtained a drink from the beach bar at Casa del Mar from the Defendant, Solano, with other patrons.

23. At the time and place aforesaid, Defendant Ramon Antonio Solano, intentionally placed an additional drug in Plaintiff's alcoholic beverage unbeknownst to Plaintiff.

24. At the time and place aforesaid, Plaintiff Przasnyski became disoriented and doped.

25. At the time and place aforesaid, a storm erupted with pouring rain clearing the beach and beach bar at Casa del Mar of people other than disoriented Plaintiff Przasnyski.

26. At the time and place aforesaid, Defendant, Solano, an agent, servant or employee of Defendants, AM Resorts LA, or AM Resorts Dominicana, directed the drugged Plaintiff, Przasnyski, to come behind the bar to stay dry.

27. At the time and place aforesaid, Defendant, Solano, grabbed the drugged Plaintiff Przasnyski and forcibly kissed her and pulled her to the ground against her will.

28. At the time and place aforesaid, Plaintiff Przasnyski was incapable of warding off Defendant, Solano, who raped Plaintiff, Przasnyski.

29. After Defendant, Solano's, rape of Plaintiff, Przasnyski, the other Plaintiffs sought the assistance of Casa del Mar's staff who was under the control of Defendants, AM Resorts LA or AM Resorts Dominicana, to help Plaintiff, Przasnyski, who was hysterical, to obtain medical attention.

30. At the time aforesaid, the staff of Casa del Mar, the agents, servants and/or employees of Defendants, AM Resorts LA or AM Resorts Dominicana, knowingly ignored Plaintiffs' plea for help for more than one-half hour.

31. Finally, Casa del Mar's assistant manager, Rubenz, and head of security, Lorenzo, together with two guards, or agents, servants or employees of Defendants, AM Resorts LA, or AM Resorts Dominicana, went to Plaintiff's room and knowingly, without regard for her physical or mental state, callously began interrogating Plaintiff, Przasnyski.

32. At the time and place aforesaid, the three other Plaintiffs attempted to direct Defendant's aforesaid employees attention to obtaining medical attention for Plaintiff Przasnyski, and to arranging all Plaintiffs' immediate departure from the Dominican Republic.

33. At the time aforesaid, the employees of Defendants, AM Resorts LA, or AM Resorts Dominicana, specifically denied Plaintiffs' demand to leave the island stating that Plaintiff Przasnyski was required to stay to assist with the investigation into the assault/rape.

34. After an unreasonably lengthy wait, a doctor arrived and without obtaining a medical history or conducting any examination, prepared two injections for Plaintiff, Przasnyski.

35. At the time and place aforesaid, the doctor informed Plaintiffs that he had observed situations similar to Plaintiff Przasnyski's before, that she had been drugged, and the injections would counteract the drugs allowing Plaintiff Przasnyski to sleep.

36. At the time and place aforesaid, after the injection, Plaintiff, Przasnyski, became even more hysterical, agitated, drugged and unable to sleep.

37. After hours, the three other Plaintiffs had the doctor return, who then administered a third injection which helped her sleep.

38. At the time aforesaid, Plaintiffs attempted to obtain a medical report from the doctor but when it was belatedly provided the report failed to contain a true account of the doctor's interaction with Plaintiff, Przasnyski.

39. On the morning of April 3, 2003, Plaintiff attempted to contact the tour guide, assigned to assist them by Defendant, Amstar DMC, namely, Defendant, Michelle DiNatale, who was not immediately available and after contact demanded an immediate departure.

40. Casa del Mar's staff, namely, agents, servants or employees of Defendants, AM Resorts LA, or AM Resorts Dominicana, persistently continued to refuse to arrange for Plaintiffs' departure stating the four Plaintiffs could not leave until a police investigation was completed, and held all four Plaintiffs at the premises against their will.

41. Later that day, when Plaintiffs informed the hotel staff that Plaintiffs were contacting the United States Embassy to report that they were being held against their will, Lorenzo, an agent, servant or employee of Defendants, AM Resorts, LA, or AM Resorts Dominicana, stated that he would provide transportation and act as a translator for Plaintiffs to meet with the Chief of Police regarding the rape.

42. When Plaintiff Przasnyski gave her account of the rape at the police station, several officers laughed and made crude gestures mimicking the sexual contact.

43. When Plaintiff Przasnyski was completed giving the report of the rape, Plaintiffs were instructed to return the following day to sign the completed reports.

44. On April 4, 2003, the manager of Casa del Mar, an agent, servant or employee of Defendants, AM Resorts, LA, or AM Resorts Dominicana, again refused to arrange for Plaintiffs to leave the island as repeatedly requested, and insisted they again return to the police station.

45. At the time aforesaid, Plaintiff again telephoned the United States Embassy and explained that they feared for their lives and were being held by agents, servants or employees of Defendants, AM Resorts, LA, or AM Resorts Dominicana, against their will.

46. At the time aforesaid, the four Plaintiffs reluctantly returned to the police station with Michelle DiNatale, acting as a translator.

47. While Plaintiff Przasnyski was reviewing her report, officers, agents or employees of Defendants, AM Resorts, LA, AM Resorts Dominicana, or Amstar, directed its employees, Lorenzo and Michelle, immediately to stop assisting and translating for Plaintiff and not to transport Plaintiffs back to the hotel.

48. At the time and place aforesaid, the police refused to allow Plaintiffs to use the telephone, so stranded Plaintiffs had no choice but to walk through a scary environment to return to Casa del Mar.

49. Again, officers, agents or servants of Defendants, AM Resorts, LA, AM Resorts Dominicana or Amstar, or all of them, telephoned the police station and directed Michelle DiNatale immediately to stop assisting and translating for Plaintiffs leaving Plaintiffs unable to complete their report which Plaintiffs understood was a necessary prerequisite to leaving the island.

50. Upon returning to Casa del Mar, Rubenz, an employee, agent or servant of Defendants, AM Resorts, LA, or AM Resorts Dominicana, told Plaintiffs that Plaintiffs could not leave the island unless they signed a paper stating that Plaintiffs knew that Plaintiffs failure to complete the police report would result in no charges being brought against Defendant, Solano.

51. At the time aforesaid, Plaintiffs refused to sign the document as they realized Defendants have intentionally, knowingly sabotaged their diligent, week long, good faith efforts to file a police report regarding the rape.

52. On April 5, 2003, the originally scheduled departure date, Rubenz and Lorenzo, agents, servants or employees of Defendants, AM Resorts, LA, or AM Resorts Dominicana, again demanded Plaintiffs sign the aforesaid document in order to leave the island.

53. In the course of this week long ordeal, Defendants, AM Resorts LA, or AM Resorts Dominicana, refused to provide Plaintiffs with meals and Defendants actions forced all four Plaintiffs to miss regularly scheduled meal times.

54. Shortly thereafter, Rubenz introduced Plaintiffs to a person identified as Apple Vacation's Regional Director who apologized for the outlandish treatment and threats and allowed Plaintiffs to return on their regularly scheduled flight.

**COUNT ONE**
**(Plaintiff Jennifer Przasnyski v. Defendant Ramon Antonio Solano)**
**(Rape, Assault & Battery)**

55. The allegations of paragraphs 1 through 54 inclusive are incorporated herein as if fully set forth at length.

56. On April 2, 2003, Defendant Solano intentionally, forcefully attacked and raped Plaintiff Przasnyski.

57. At all times herein relevant, Plaintiff was in imminent fear of serious bodily harm.

58. As a direct and proximate result of Defendant's vicious assault and battery of Plaintiff, Plaintiff sustained severe and permanent mental anxiety, distress, stress, suffering, anguish, humiliation, and sleeplessness.

59. As a direct and proximate result of Defendant Solano's vicious assault and battery, Plaintiff sustained severe and permanent physical pain and suffering.

60. Defendant Solano's aforesaid actions were outrageous, egregious, intentional, willful, wanton, reckless and deliberate, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Jennifer Przasnyski demands judgment against Defendant Ramon Antonio Solano in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with costs.

**COUNT TWO**
**(Plaintiff Jennifer Przasnyski v. Defendants AM Resorts Latin America, Inc., and AM Resorts Dominicana, SA)**
**(Negligent Hiring and Failure to Provide Security)**

61. The allegations of paragraphs 1 through 60 inclusive are incorporated herein as if fully set forth at length.

62. At all relevant times, Defendants, AM Resorts LA and AM Resorts Dominicana, were in operational control of Casa del Mar, and had a representative in Pennsylvania, namely, AM Resorts, LLC at 7 Campus Boulevard, Newtown Square, Pennsylvania 19073 (Alejandro Zozaya, President).

63. Prior to the rape of Plaintiff, Przasnyski, on April 2, 2003, Defendants, AM Resorts LA, and AM Resorts Dominicana, had actual knowledge of one or more prior rapes and/or attempted rapes of guests by employees at Casa Del Mar.

64. At the time and place aforesaid, Defendants, AM Resorts LA and AM Resorts Dominicana, were negligent in the following respects:

a) in failing to exercise due care in the hiring of their employees;

b) in failing to exercise due care in the training of their employees;

c) in failing to exercise due care in the supervision of their employees;

d) in hiring and employing Defendant Solano, despite actual or constructive knowledge of his known violent propensities;

e) in failing to exercise due care to provide adequate internal security at Casa del Mar to protect Plaintiff, Przasnyski, from being raped.

65. As a direct and proximate result of Defendants' negligence, Plaintiff suffered the sexual assault and battery.

66. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent physical and mental pain, anguish, anxiety, distress, stress and sleeplessness.

67. Plaintiff's injuries are permanent and do and will prevent Plaintiff from enjoying life's pleasures, associations, and companionships.

68. The actions of Defendants, AM Resorts LA and AM Resorts Dominicana, were outrageous, egregious, intentional, willful, wanton, reckless and deliberate, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Jennifer Przasnyski demands judgment against Defendant, AM Resorts Latin America, Inc., and AM Resorts Dominicana, SA, individually, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of suit.

**COUNT -THREE**
**(Plaintiff Jennifer Przasnyski v. Defendant Amstar DMC and Defendant Michelle DiNatale)**
**(Negligent Failure To Warn)**

69. The allegations of paragraphs 1 through 68 inclusive are incorporated herein as if fully set forth at length.

70. At all relevant times, Defendant, DiNatale, was an officer, agent, servant or employee of Defendant, Amstar.

71. Defendant, Amstar, had a contractual relationship with Atkinson and Mullen Travel, Inc. d/b/a Apple Vacations wherein Defendant, DiNatale, was authorized to represent herself as a tour guide for Apple Vacations whose purpose was to provide safety information to Apple customers, and to provide for convenience of Apple customers.

72. Casa Del Mar was located in remote, dangerous, and lawless location in a third world country.

73. Despite actual knowledge of the dangerous conditions, Defendants, Amstar and DiNatale, made numerous representations about the safety of the location, and even encouraged the Plaintiff to drink alcoholic beverages because the alcohol content of the drinks was very low.

74. Prior to the rape of Plaintiff, Przasnyski, Defendants, Amstar and DiNatale, had actual knowledge of prior rapes at the Casa Del Mar.

75. At the time and place aforesaid, the Defendants, Amstar and DiNatale, were negligent in the following particulars:

a) in affirmatively attempting to convey to Apple customers that Casa Del Mar was a safe environment when they knew the opposite to be true;

b) in affirmatively representing to the Apple Vacation customers that the drinking of alcohol on the island was safe because of the low alcohol content;

c) in inducing the Plaintiff, Przasnyski, to relax vigilance in a dangerous third world environment;

d) in failing to warn Plaintiff, Przasnyski, about the dangers of being raped in the third world environment of Casa del Mar;

e) in failing to provide complete and honest advise about the dangers associated with a vacation at Casa del Mar; and

f) in failing to warn about the prevalence of sexual assaults upon females in the Dominican Republic, and in particular at Casa del Mar.

76. As a direct and proximate result of Defendants' negligence, Plaintiff suffered assault and battery.

77. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent physical and mental pain, anguish, anxiety, distress, stress and sleeplessness.

78. Plaintiff's injuries are permanent and do and will prevent Plaintiff from enjoying life's pleasures, associations, and companionships.

79. The actions of Defendants, AM Resorts LA and AM Resorts Dominicana, were outrageous, egregious, intentional, willful, wanton, reckless and deliberate, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Jennifer Przasnyski demands judgment against Defendant, Amstar DMC and Michelle DiNatale, individually, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of suit.

**COUNT FOUR**
**(Plaintiff Jennifer Przasnyski v. Defendant, AM Resorts Latin America, Inc., Defendant, AM Resorts Dominicana, SA, Defendant, Amstar DMC, and Defendant, Michelle DiNatale)**
**(Negligence In Covering Up The Rape)**

80. The allegations of paragraphs 1 through 79 inclusive are incorporated herein as if fully set forth at length.

81. The Plaintiff duly and promptly reported the rape and relied upon Michelle DiNatale, Apple's on-scene representative, and the management staff at the hotel for assistance.

82. The management team on scene at Casa del Mar was controlled by Defendants, AM Resorts LA, AM Resorts Dominicana, and Amstar.

83. Because of the history of rapes/assaults at Casa Del Mar, the management staff at Casa Del Mar were less concerned about helping the rape victim and more concerned about covering up the rape/assault/battery.

84. At the time and place aforesaid, Defendants were negligent in the following respects:

a) in failing to serve competent medical attention for the rape victim;

b) in failing to assist the Plaintiff, Jennifer Przasnyski, in filing a proper criminal complaint with the correct authorities;

c) in failing to alert the U.S. Consulate about the rape/assault/battery;

d) in failing to exercise due care by directing their employees, Lorenzo and Michelle, not to assist, translate for and/or transport Plaintiffs as reasonably necessary;

e) in failing to exercise due care to arrange for Plaintiff to leave the island promptly after the rape as repeatedly requested to do;

f) in failing to provide Plaintiffs with meals as reasonably necessary under the circumstances;

g) in failing to exercise due care by requiring Plaintiffs to complete a police report with the wrong authorities before leaving the island; and

h) in specifically directing Defendant, DiNatale, to cease and desist from providing assistance to Plaintiff in the institution of criminal damages against the rapist.

85. As a result of the Defendants' efforts to cover up the rape, assault, battery, as aforesaid, Plaintiff suffered an exacerbation of physical pain and mental pain, anguish, anxiety, distress and sleeplessness.

86. Plaintiff's injuries are permanent and do and will prevent Plaintiff from enjoying life's pleasures, associations and companionships.

87. The actions of Defendant, AM Resorts Latin America, Inc., Defendant, AM Resorts Dominicana, SA, Defendant, Amstar DMC, and Defendant, Michelle DiNatale, were outrageous, egregious, intentional, willful, wanton, reckless and deliberate, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Jennifer Przasnyski demands judgment against Defendant, AM Resorts Latin America, Inc., Defendant, AM Resorts Dominicana, SA, Defendant, Amstar DMC, and Defendant, Michelle DiNatale, independently, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of suit.

**COUNT FIVE**
**(Plaintiff Jennifer Przasnyski v. Defendant, AM Resorts Latin America, Inc., Defendant, AM Resorts Dominicana, SA, and Defendant, Amstar DMC**
**(Intentional Infliction of Emotional Distress)**

88. The allegations of paragraphs 1 through 87 inclusive are incorporated herein as if fully set forth at length.

89. At all times herein relevant, Defendants, AM Resorts LA, AM Resorts Dominicana, and Amstar DMC conspired and intended to cause emotional distress upon Plaintiff, Jennifer Przasnyski, by the following conduct:

a) in intentionally ignoring requests for help immediately after the rape was perpetrated;

b) in failing to provide competent medical attention to Plaintiff, Jennifer Przasnyski, after the rape;

c) in initiating a callous and inappropriate interrogation of Plaintiff, Jennifer Przasnyski, by management staff after the rape was reported;

d) in failing to contact the U.S. Embassy on behalf of the Plaintiff, Jennifer Przasnyski;

e) in intentionally ceasing and desisting from providing translation service while Plaintiff, Jennifer Przasnyski was talking to the police;

f) in intentionally leaving the Plaintiff at a police station and not arranging transportation from the police station back to Casa del Mar;

g) in making Plaintiff walk back to Casa del Mar through unknown terrain in fear of her life;

h) in directing Michelle DiNatale to cease and desist from functioning as a translator during a second effort to report the matter to the police;

i) in directing Plaintiff, Jennifer Przasnyski, to sign statements that were untrue as a condition precedent to departing the island;

j) in sabotaging Plaintiff's efforts to initiate criminal charges against the attempted rapist;

k) in failing to provide regular meals to Plaintiff after the rape; and

l) in holding Plaintiff on the island against her will.

90. As a direct and proximate result of the campaign by Defendants AM Resorts LA, AM Resorts Dominicana, and Amstar, to thwart the reporting of the rape, Plaintiff, Jennifer Przasnyski, was subject to the cruel infliction of emotional distress.

91. As a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff suffered severe and permanent physical and mental pain, anguish, anxiety, distress, stress and sleeplessness.

92. Plaintiff's injuries are permanent and do and will prevent Plaintiff from enjoying life's pleasures, associations, and companionships.

93. The actions of Defendant, AM Resorts Latin America, Inc., Defendant, AM Resorts Dominicana, SA, and Defendant, Amstar DMC, were outrageous, egregious, intentional, willful, wanton, reckless and deliberate, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Jennifer Przasnyski demands judgment against Defendant, AM Resorts Latin America, Inc., Defendant, AM Resorts Dominicana, SA, and Defendant, Amstar DMC, independently, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of suit.

**COUNT SIX**
**(Plaintiff Jennifer Przasnyski v. Defendant AM Resorts Latin America, Inc., Defendant, AM Resorts Dominicana, SA, Defendant, Amstar DMC, and Defendant, Michelle DiNatale**
**(False Imprisonment)**

94. The allegations of paragraphs 1 through 93 inclusive are incorporated herein as if fully set forth at length.

95. From, April 2, 2003 until April 5, 2003, Plaintiff, Jennifer Przasnyski, repeatedly requested and demanded that Defendants arrange for all Plaintiffs immediate return flight home due to the harsh and extreme events and circumstances described herein.

96. At all times herein relevant, Defendants, AM Resorts LA, AM Resorts Dominicana, Amstar and DiNatale, intentionally, purposefully confined Plaintiff to Casa del Mar and the Dominican Republic against Plaintiff's will.

97. At all times herein relevant, Plaintiff had no reasonable means of escaping Defendants' unauthorized confinement of Plaintiff.

98. As a direct and proximate result of Defendants' false imprisonment of Plaintiff, Plaintiff suffered severe mental and emotional distress, stress, anxiety, humiliation and sleeplessness.

99. The actions of Defendant, AM Resorts Latin America, Inc., Defendant, AM Resorts Dominicana, SA, Defendant, Amstar DMC, and Defendant, Michelle DiNatale, were outrageous, egregious, intentional, willful, wanton, reckless and deliberate, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Jennifer Przasnyski demands judgment against Defendant, AM Resorts Latin America, Inc., Defendant, AM Resorts Dominicana, SA, Defendant, Amstar DMC, and Defendant, Michelle DiNatale, independently, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of suit.

**COUNT SEVEN**
**(Plaintiff Jennifer Przasnyski v. Defendant Bayahibe Beach Resorts, Ltd d/b/a Casa Del Mar and Defendant Bayahibe Beach Resorts, S.A. d/b/a Casa Del Mar (Property Owner Liability)**

100. The allegations of paragraphs 1 through 99 inclusive are incorporated herein as if fully set forth at length.

101. The Defendant, Bayahibe and/or Defendant, Bayahibe, S.A., was the owner of the resort hotel known as Case del Mar.

102. The Defendant, Bayahibe and/or Defendant Bayahibe, S.A. operated the realty known as Case del Mar as a resort hotel, but delegated the responsibility of operational control to Defendant, AM Resorts Latin America, Inc., and Defendant, AM Resorts Dominicana, SA.

103. The Defendant, Bayahibe and/or Defendant Bayahibe, S.A., owed the Plaintiff the duty of keeping the premises in a reasonably safe and suitable condition for the contemplated use thereof, and owed the Plaintiff the duty of warning her of hidden perils which Defendant as owner of the realty knew about, in the exercise of reasonable care, should know about.

104. The Defendant, Bayahibe and/or Defendant, Bayahibe, S.A., had actual or constructive knowledge that, under the management of Defendant, AM Resorts LA, or Defendant, AM Resorts Dominicana, the realty could not be safely used by female guests.

105. The Plaintiff, Jennifer Przasnyski, was subject to rape/assault/and battery upon the realty owned by Defendant, Bayahibe and/or Defendant, Bayahibe, S.A.

106. The Defendant, Bayahibe and/or Defendant, Bayahibe, S.A., failed to provide a safe and secure environment for female guests at Casa del Mar.

107. Because of the unsafe environment, Plaintiff, Jennifer Przasnyski, was placed in imminent fear of serious bodily injury.

108. As a direct and proximate result of Defendant's vicious sexual assault and battery of Plaintiff, Plaintiff sustained severe and permanent mental anxiety, distress, stress, suffering, anguish, humiliation, and sleeplessness.

109. As a direct and proximate result of Defendant Solano's vicious assault and battery, Plaintiff sustained severe and permanent physical pain and suffering.

110. Defendant Solano's aforesaid actions were outrageous, egregious, intentional, willful, wanton, reckless and deliberate, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff, Jennifer Przasnyski, demands judgment against Defendants Bayahibe Beach Resorts, Ltd. d/b/a Casa del Mar, and Bayahibe Beach Resorts, S.A. d/b/a Casa

del Mar, , individually, jointly and severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs.

**COUNT EIGHT**
**(Plaintiff Jennifer Przasnyski v. Defendant Bayahibe Beach Resorts, Ltd d/b/a Casa Del Mar and Defendant Bayahibe Beach Resorts, S.A. d/b/a Casa Del Mar**
**(Negligence)**

111. The allegations of paragraphs 1 through 110 inclusive are incorporated herein as if fully set forth at length.

112. The Defendant, Bayahibe and/or Defendant, Bayahibe, S.A. owned, operated and co-managed the resort known as Casa del Mar.

113. The Defendant either hired the Defendant, Solano, to work at the resort, or recommended his employment to the operator of Casa del Mar.

114. The Defendant knew or had reason to know that Defendant, Solano, was a sexual predator.

115. Prior to the rape of Plaintiff, Przasnyski, on April 2, 2003, Defendant, Bayahibe and/or Defendant, Bayahibe, S.A., had actual knowledge of one or more prior rapes and/or attempted rapes of guests by employees at Casa Del Mar.

116. At the time and place aforesaid, Defendant, Bayahibe and/or Defendant, Bayahibe, S.A., was negligent in the following respects:

a) in recommending the hiring of Solano as an employee at Casa del Mar;

b) in failing to exercise due care in the hiring of their employees;

c) in failing to exercise due care in the training of their employees;

d) in failing to exercise due care in the supervision of their employees;

e) in hiring and employing Defendant Solano, despite actual or constructive knowledge of his known violent propensities; and

f) in failing to exercise due care to provide adequate internal security at Casa del Mar to protect Plaintiff, Przasnyski, from being raped.

117. As a direct and proximate result of Defendant's negligence, Plaintiff suffered assault and battery, and was subject to rape.

118. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent physical and mental pain, anguish, anxiety, distress, stress and sleeplessness.

119. Plaintiff's injuries are permanent and do and will prevent Plaintiff from enjoying life's pleasures, associations, and companionships.

120. The actions of Defendant, Bayahibe and/or Defendant, Bayahibe, S.A., was outrageous, egregious, intentional, willful, wanton, reckless and deliberate, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Jennifer Przasnyski demands judgment against Defendants, Bayahibe Beach Resorts, Ltd., and Bayahibe Beach Resorts, S.A., individually, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of suit.

**COUNT -NINE**
**(Plaintiff Jennifer Przasnyski v. Defendant Bayahibe Beach Resorts Ltd. and Defendant Bayahibe Beach Resorts, S.A.**
**(Negligent Failure To Warn)**

121. The allegations of paragraphs 1 through 120 inclusive are incorporated herein as if fully set forth at length.

122. At all relevant times, Defendant, Bayahibe and/or Defendant, Bayahibe, S.A., was in the business of promoting guests at Casa del Mar.

123. Casa Del Mar is located in remote, dangerous, and lawless location in a third world country.

124. Prior to the rape of Plaintiff, Przasnyski, Defendant, Bayahibe and/or Bayahibe, S.A., had actual knowledge of prior rapes at the Casa Del Mar.

125. At the time and place aforesaid, the Defendant, Bayahibe and/or Bayahibe, S.A., was negligent in the following particulars:

a) in affirmatively attempting to convey to guests that Casa Del Mar was a safe environment when it knew the opposite to be true;

b) in affirmatively representing to the guests that the drinking of alcohol on the island was safe because of the low alcohol content;

c) in inducing the Plaintiff, Przasnyski, to relax vigilance in a dangerous third world environment;

d) in failing to warn Plaintiff, Przasnyski, about the dangers of being raped in the third world environment of Casa del Mar;

e) in failing to provide complete and honest advise about the dangers associated with a vacation at Casa del Mar; and

f) in failing to warn about the prevalence of sexual assaults upon females in the Dominican Republic, and in particular at Casa del Mar.

126. As a direct and proximate result of Defendants' negligence, Plaintiff suffered assault and battery, and was subject to rape.

127. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe and permanent physical and mental pain, anguish, anxiety, distress, stress and sleeplessness.

128. Plaintiff's injuries are permanent and do and will prevent Plaintiff from enjoying life's pleasures, associations, and companionships.

129. The actions of Defendant, Bayahibe and/or Defendant, Bayahibe, S.A., was outrageous, egregious, intentional, willful, wanton, reckless and deliberate, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff Jennifer Przasnyski demands judgment against Defendant, Bayahibe Beach Resorts, Ltd., and Defendant, Bayahibe Beach Resorts, S.A., individually, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of suit.

**COUNT TEN**
**(Plaintiff Roy Bowman v. Defendant Bayahibe Beach Resorts Ltd. t/a Casa del Mar, Defendant Bayahibe Beach Resorts, S.A. t/a Casa del Mar, Defendant, AM Resorts Latin America, Inc. Defendant, AM Resorts Dominicana, SA and Defendant, Amstar DMC**
**(False Imprisonment)**

130. The allegations of paragraphs 1 through 129 inclusive are incorporated herein as if fully set forth at length.

131. From, April 2, 2003 until April 5, 2003, after the rape of Jennifer Przasnyski, Plaintiff, Roy Bowman, repeatedly requested and demanded that all corporate Defendants arrange for all Plaintiffs immediate return flight home due to the harsh and extreme events and circumstances described herein.

132. At all times herein relevant, all corporate Defendants intentionally, purposefully confined Plaintiff, Roy Bowman, to Casa del Mar and the Dominican Republic against Plaintiff's will.

133. At all times herein relevant, Plaintiff had no reasonable means of escaping Defendants' unauthorized confinement of Plaintiff.

134. As a direct and proximate result of Defendants' false imprisonment of Plaintiff, Plaintiff suffered severe mental and emotional distress, stress, anxiety, humiliation and sleeplessness.

135. As a direct and proximate result of Defendants' false imprisonment, Plaintiff suffered severe and permanent physical and mental pain, anguish, anxiety, distress, stress and sleeplessness.

136. Plaintiff's injuries are permanent and do and will prevent Plaintiff from enjoying life's pleasures, associations, and companionships.

WHEREFORE, Plaintiff Roy Bowman demands judgment against Defendants, Bayahibe Beach Resorts, Ltd. t/a Casa del Mar, Bayahibe Beach Resorts, S.A. t/a Casa del Mar, AM Resorts Latin America, Inc., AM Resorts Dominicana, SA, and Amstar DMC, individually, jointly and severally in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of suit.

## COUNT ELEVEN

**(Plaintiff John Giancaterino v. Defendant Bayahibe Beach Resorts Ltd. t/a Casa del Mar, Defendant, Bayahibe Beach Resorts, S.A. t/a Casa del Mar, Defendant, AM Resorts Latin America, Inc. Defendant, AM Resorts Dominicana, SA, and Defendant, Amstar DMC (False Imprisonment)**

137. The allegations of paragraphs 1 through 136 inclusive are incorporated herein as if fully set forth at length.

138. From, April 2, 2003 until April 5, 2003, after the rape of Jennifer Przasnyski, Plaintiff repeatedly requested and demanded that all corporate Defendants arrange for all Plaintiffs immediate return flight home due to the harsh and extreme events and circumstances described herein.

139. At all times herein relevant, all corporate Defendants intentionally, purposefully confined Plaintiff, John Giancaterino, to Casa del Mar and the Dominican Republic against Plaintiff's will.

140. At all times herein relevant, Plaintiff had no reasonable means of escaping Defendants' unauthorized confinement of Plaintiff.

141. As a direct and proximate result of Defendants' false imprisonment of Plaintiff, Plaintiff suffered severe mental and emotional distress, stress, anxiety, humiliation and sleeplessness.

WHEREFORE, Plaintiff John Giancaterino demands judgment against Defendants, Bayahibe Beach Resorts, Ltd. t/a Casa del Mar, Bayahibe Beach Resorts, S.A. t/a Casa del Mar, AM Resorts Latin America, Inc., AM Resorts Dominicana, SA, and Amstar DMC, individually, jointly and severally in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of suit.

**COUNT TWELVE**
**(Plaintiff Joann Krasnov v. Defendant Bayahibe Beach Resorts Ltd. t/a Casa del Mar, Defendant, Bayahibe Beach Resorts, S.A. t/a Casa del Mar, Defendant, AM Resorts Latin America, Inc. Defendant, AM Resorts Dominicana, SA, and Amstar DMC**
**(False Imprisonment)**

142. The allegations of paragraphs 1 through 141 inclusive are incorporated herein as if fully set forth at length.

143. From, April 2, 2003 until April 5, 2003, after the rape of Jennifer Przasnyski, Plaintiff repeatedly requested and demanded that all corporate Defendants arrange for all Plaintiffs immediate return flight home due to the harsh and extreme events and circumstances described herein.

144. At all times herein relevant, all corporate Defendants intentionally, purposefully confined Plaintiff, Joann Krasnov, to Casa del Mar and the Dominican Republic against Plaintiff's will.

145. At all times herein relevant, Plaintiff had no reasonable means of escaping Defendants' unauthorized confinement of Plaintiff.

146. As a direct and proximate result of Defendants' false imprisonment of Plaintiff, Plaintiff suffered severe mental and emotional distress, stress, anxiety, humiliation and sleeplessness.

147. Plaintiff's injuries are permanent and do and will prevent Plaintiff from enjoying life's pleasures, associations, and companionships.

WHEREFORE, Plaintiff, Joann Krasnov, demands judgment against Defendants, Bayahibe Beach Resorts, Ltd. t/a Casa del Mar, Bayahibe Beach Resorts, S.A. t/a Casa del Mar, AM Resorts Latin America, Inc., AM Resorts Dominicana, SA, and Amstar DMC, individually, jointly and severally in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs of suit.

ORLOSKI, HINGA, PANDALEON & ORLOSKI

____________________________________

Richard J. Orloski, (RJO2737)
Attorney for Plaintiff
Attorney ID No.: 09857
111 North Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363

**CERTIFICATE OF SERVICE**

I, Richard J. Orloski, HEREBY CERTIFY that I served a true and correct copy of the foregoing document upon the following person(s) by depositing same in the United States Mail, regular, first-class mail, postage prepaid, addressed as follows:

Ramon Antonio Solano
c/o Casa Del Mar
PO Box 80
Playa Bayahibe
La Romona, Republic Dominicana

Bayahibe Beach Resorts Limited
Baly Principal, Administracion
La Romana, Republica Dominicana

Bayahibe Beach Resorts, S.A.
Baly Principal, Administracion
La Romana, Republica Dominicana

Richard F. Davis, Esquire
Greenberg Traurig, LLP
Met Life Building
200 Park Avenue
New York, NY 10116

Amstar DMC
Carretera Bavaro
Punta Cana, Dominicana Republic

Michele DiNatale
c/o Amstar DMC
Carretera Bavaro
Punta Cana, Dominicana Republic

Date: February , 2005

*Orloski, Hinga, Pandaleon & Orloski*

___________________________________
Richard J. Orloski (RJO2737)
Attorney for Plaintiffs
Attorney ID No. 09857